UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERSECURE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ART ALGER, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-08002-HSG<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION AND DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 39 and Dkt. No. 42 |

Pending before the Court is the application for good faith settlement determination filed by Defendant. Dkt. No. 39. Defendant seeks approval of a settlement agreement under which it agrees to pay an unspecified amount in exchange for a dismissal of this action with prejudice. *Id*. at 5. No opposition or response has been filed. In response to the Court's order for supplemental briefing specifying the settlement amount, Defendant filed an Administrative Motion to File Under Seal and Supplemental Brief in which it specified the amount. Dkt. No. 42. For the reasons below, the Court **GRANTS** the motion for good faith settlement determination and **DENIES** the motion to file under seal.

I.   **BACKGROUND**

Plaintiff's ESS modules are custom configured large-capacity electrical energy production and storage systems that are used to provide backup power in the event of a power outage. Dkt. No. 1 ("Compl.") ¶ 10. In June 2016, Plaintiff contracted with Defendant to assist in transporting two such modules for installation at the Apple Campus Facility in Cupertino, California. *Id.* ¶ 11. The written contract provided that Defendant would "[r]elocate (2) ESS modules from staging" and would "take precautions" when performing its services. *Id.*

On June 22, 2016, Defendant's employees prepared and rigged one of the ESS modules for

1  installation. *Id.* ¶ 12. After the employees first attempted to lift the ESS module off the ground, it
2  began to list to one side. *Id.* ¶ 13. Defendant's employees lowered the module, attempted to
3  secure the module, and tried again. *Id.* On the second attempt, the module continued to list until
4  the straps securing the module severed and the module fell from its rigging and onto the concrete
5  floor. *Id.* After examining the module, Plaintiff determined that it had been damaged beyond
6  repair. *Id.* ¶ 14. On December 5, 2019, Plaintiff filed this lawsuit against Defendant for Breach of
7  Contract and Breach of Implied Covenant of Duty to Perform with Reasonable Care and claimed
8  damages of at least $693,648.00. *Id.* ¶¶ 17-27.

**II.  LEGAL STANDARD**

In "an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," California Code of Civil Procedure Section 877.6 permits a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith. *See* Cal. C. Civ. Proc. § 877.6(a). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. C. Civ. Proc. § 877.6(c).

A settlement is made in good faith if it is within the reasonable range of the settling tortfeasor's share of liability for the plaintiff's injuries, taking into account the facts and circumstances of the particular case. *See Tech-Bilt, Inc. v. Woodward-Clyde Associates*, 38 Cal.3d 488, 499 (Cal. 1985). When determining whether a settlement has been entered into in good faith, a court examines such factors as: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than if found liable after a trial; (4) the allocation of the settlement proceeds among plaintiffs; (5) the settlor's financial condition and insurance policy limits, if any; and (6) evidence of any collusion, fraud, or tortious conduct between the settlor and the plaintiffs aimed at making the non-settling parties pay more than their fair share. *Id*.

Courts generally apply a "compelling reasons" standard when considering motions to seal

documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### III. DISCUSSION

#### A. The Settlement Satisfies The Requirements For A Good Faith Settlement

Having considered the relevant *Tech-Bilt* factors, the Court finds that the proposed Settlement was entered into in good faith pursuant to California Code of Civil Procedure 877.6.

When considering the value of the case, Defendant's settlement payment is well within the "ballpark" of its potential liability. Because there is no allocation in the Settlement; the settlor's financial condition and insurance are not at issue; and there is no evidence or accusation of collusion, fraud, or tortious conduct; those factors do not bar a good faith determination.

Accordingly, the Court **GRANTS** the motion for good faith settlement determination.

### B. Defendant Fails to Show Good Cause To File Settlement Amount Under Seal

Because Defendant moves to file documents related to a nondispositive motion, the Court will apply the lower good cause standard. Defendant seeks to file under seal the settlement amount within the Supplemental Brief in Support of its Application for a Good Faith Determination. Dkt. No. 42-3. The only proffered justification is to protect the confidentiality of records and information related to the executed settlement agreement between the parties. Dkt. No. 42 2:10-11. But Defendant does not detail any harm that will result if the settlement amount is disclosed, and simply preferring to keep this information secret is not a legal justification. Defendant thus fails to make the required "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11.

Accordingly, the Court **DENIES** Defendant's administrative motion to file under seal. Dkt. No. 42.

## IV. CONCLUSION

The Court **GRANTS** the motion for good faith settlement determination and **DENIES** the administrative motion to file under seal. The Court **DIRECTS** Defendant to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Defendant may also file a new motion to seal within seven days of this order according to the requirements discussed above.

**IT IS SO ORDERED.**

Dated: 12/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge